---
Goodall *v.* Streeter.
---

---

## GOODALL *v.* STREETER.

In determining whether an undertaking has been performed within a reasonable time, the material difficulties and hazards attending its execution, and the amount of diligence used and frustrated in attempts at its execution, should be considered.

Where an auditor had found two years to be a reasonable time for the performance of a contract to deliver logs, upon view of the facts and circumstances reported by him, the court ordered judgment to be rendered accordingly.

ASSUMPSIT. In 1840 the parties made an agreement that the defendant should deliver to the plaintiffs, at a certain point upon the river Ammonoosuck, a quantity of hemlock logs at $2 per thousand, sufficient to pay a

Goodall *v.* Streeter.

small debt due at the time, and to pay for such goods as the defendant should afterward purchase at the plaintiffs' store. The defendant took up some goods before commencing his work; and late in 1840, when snow had fallen, began to draw the logs to the river; but a freshet intervening in January 1841, carried them away and prevented the delivery of them at the place agreed on. The work was however resumed and prosecuted through the winter and into the spring of that year, and in the winter of 1842. In the spring of 1843 about five thousand feet were put into the river and followed by the defendant to the place of delivery. All the logs had been surveyed and marked by the plaintiffs in pursuance of an agreement of the parties, but they refused to receive any except such as were ready for delivery at the appointed place by the 20th of January 1843, the day on which the action was commenced.

It appeared that there were considerable difficulties in driving the logs down the river to the place agreed on for their delivery, arising from rocks, islands, and other obstructions, when the water was low, and the short time that it remained high enough to float the logs when swollen in the spring; and the defendant made reasonable efforts to overcome these difficulties.

From the report of the auditor to whom the mutual claims of the parties had been referred, it appeared that the just claim of the plaintiffs against the defendant embraced in the action, amounted to $89.19; and that there was due to the defendant for logs delivered under the contract prior to the 20th of January 1843, and for other undisputed items, $68.27, leaving a balance of $20.82, which he reported due to the plaintiffs.

The plaintiffs thereupon moved for judgment upon the report; and it was ordered that the questions of law arising upon the same be transferred to this court for determination.

Goodall *v.* Streeter.

*Goodall and Morrison,* for the plaintiffs.

*Hibbard,* for the defendant.

WOODS, J. The plaintiffs' claim in this action consists in part at least of items which, by the agreement between them and the defendant, were to have been paid for by the delivery of logs at an appointed place on the river Ammonoosuck. No time was by the terms of the contract limited for the defendant to execute his undertaking, and consequently he was bound to do it within a time which a jury might legally find to be a reasonable time. To ascertain this, the nature of the work, its difficulties and its hazards, and the degree of diligence actually used and frustrated, should be considered.

It appears that he had made some progress as early as January 1841, when a flood occurred which caused the loss of all the labor he had then done. He might therefore not unreasonably claim that the time to be allowed him should be computed from that event. That would give him two years, which would seem a sufficient period to perform the undertaking, unless some special difficulties are shown to have attended it demanding a longer one. Those which have been indicated as connected with the navigation of the stream ought not to be so regarded, because, in point of fact, he seems to be allowed for all the logs that were furnished except those which were put into the river after the expiration of the two years. The auditor has found that the reasonable time for completing the contract expired with the two years, and no valid objection to his determination on that head has been made to appear. There must therefore be

*Judgment on the report.*